FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

'08 DEC -3 P12:46

CLERK U.S. DISTRICT COURT

FAITH A. DARNALL, )
)
          Plaintiff, )
)
v. ) Case No. 8-CV-1377-MLB-DWB
)
JOHNSON CONTROLS, INC., )
)
          Defendant. )
_____ )

## COMPLAINT

COMES NOW plaintiff, Faith A. Darnall, by and though her counsel Mark G. Ayesh and Ray E. Simmons of the Ayesh Law Offices, and for her causes of action against defendant, Johnson Controls, Inc., alleges and states as follows:

1.    Plaintiff, Faith A. Darnall, is a citizen and resident of Sedgwick County, Kansas.

2.    Defendant, Johnson Controls, Inc. ("Johnson Controls" or "defendant") is a Wisconsin corporation. Defendant transacts business in the state of Kansas and may be served with legal process through its registered agent: The Corporation Company, Inc., 515 South Kansas Avenue, Topeka, Kansas 66603.

### JURISDICTION AND VENUE

3.    This is an employment case arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.* ("KAAD"). This Court has subject matter jurisdiction over plaintiff's federal law claims pursuant to 28 U.S.C. § 1331. This

Court has supplemental jurisdiction over plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff has fully exhausted her administrative remedies under the ADA and KAAD and has received a right-to-sue letter from the EEOC.

5. The unlawful practices and actions alleged below were committed within the state of Kansas, and venue is properly laid in this Court by virtue of 28 U.S.C. § 1391(b).

6. Plaintiff was damaged in excess of $75,000.

## FACTS

7. Plaintiff began employment with York International, the predecessor of Johnson Controls, Inc., in July 2001. Johnson Controls acquired York International in December 2005. During plaintiff's employment she worked as a quality control auditor, a production assembler, a run tester and a brake press operator.

8. Defendant discharged plaintiff from employment on January 23, 2008.

9. During plaintiff's employment, she underwent three neck surgeries. Plaintiff has a medical history of "anterior cervical fusion with instrumentation C4 through C7 with posterior fusion," which - in layman's terms - means plaintiff can't move her head backwards to look straight up or put her chin on my chest to look straight down.

10. Plaintiff's personal physician reviewed the essential physical requirements of her job as a line auditor, and her previous job as an assembler, and specifically informed Johnson Controls (a) that plaintiff would not be at any

increased risk for injury; (b) that it would be safe for plaintiff to perform the particular tasks of her job; and (3) that a functional capacity evaluation was unnecessary.

11. Defendant's occupational health physician disagreed with plaintiff's physician's assessment, was hostile to plaintiff and told plaintiff that she shouldn't be working at Johnson Controls.

12. Plaintiff formally complained to Johnson Controls' management concerning Dr. Wilkinson's hostile attitude and discriminatory treatment toward her.

13. On January 22, 2008, plaintiff was laid off purportedly for lack of work "within [her] work capacity."

14. Plaintiff was capable of performing work in production as an assembler and had done so in the past.

15. Defendant failed to accommodate reasonable work restrictions.

16. Defendant required plaintiff to undergo a functional capacity evaluation, which (1) was deemed to be unnecessary by plaintiff's physician and (2) not required of other persons who have suffered back injuries.

## CAUSES OF ACTION

### 1. FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF THE ADA AND KAAD

17. Plaintiff incorporates paragraphs 1 through 16 of this complaint.

18. Plaintiff suffers from an impairment which substantially limits certain bodily functions and other major life activities.

19. Defendant and/or its managers and agents had knowledge of such impairment.

20. To accommodate her disability, plaintiff requested that defendant accommodate reasonable work restrictions and presented her personal physician's approval to perform the essential functions of her job.

21. Defendant had open job positions, which Plaintiff was qualified to perform with reasonable accommodation.

22. Defendant perceived and treated plaintiff as if she had a disability which prevented plaintiff from performing the essential functions of her job, with or without reasonable accommodation.

23. Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

## 2. WRONGFUL TERMINATION
## IN VIOLATION OF THE ADA AND KAAD

24. Plaintiff incorporates paragraphs 1 through 23 of this complaint.

25. Defendant discharged plaintiff from employment because of plaintiff's disability.

26.     Defendant discharged plaintiff from employment because defendant perceived that plaintiff had a disability which prevented plaintiff from performing the essential functions of her job, with or without reasonable accommodation.

27.     Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

### 3. RETALIATION
### IN VIOLATION OF THE ADA AND KAAD

28.     Plaintiff incorporates paragraphs 1 through 27 of this complaint.

29.     Defendant discharged plaintiff from employment because plaintiff formally complained to Johnson Controls' management concerning the conduct of defendant's physician and his hostile attitude and discriminatory treatment toward her.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for the following relief:

A.      For monetary damages in excess of $75,000 to compensate Plaintiff for economic damages, pre-judgment interest, for compensatory damages for past and future non-pecuniary loss, and for such other and further damages this Court deems just and proper;

B.   For appropriate injunctive and/or equitable relief as this Court deems just and proper;

C.   For liquidated and/or punitive damages;

D.   For Plaintiff's reasonable attorneys fees and the costs of this action;

E.   For any such other and further relief this Court deems just and proper; and

F.   Plaintiff reserves the right to amend this Complaint or demand for judgment as new information is discovered during the course of this action.

Respectfully submitted,

AYESH LAW OFFICES

By: _____
Mark G. Ayesh, #10175
Ray E. Simmons, #12296
8100 East 22nd Street North
Building 2300, Suite 2
P. O. Box 781750
Wichita, KS   67278-1750
Telephone:  316-682-7381
E-Mail: mayesh@ayesh.kscoxmail.com
            rsimmons@ayesh.kscoxmail.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that the issues in this matter be heard by a jury.

## DESIGNATION OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter.

By: /s/ Ray E. Simmons
Mark G. Ayesh, #10175
Ray E. Simmons, #12296